IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Wilkie, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>Michael J. Astrue, )<br>Commissioner of Social Security, )<br>)<br>         Defendant. )<br>_____ ) | Civil Action No.: 0:10-cv-2713-TLW-PJG |

## ORDER

The plaintiff, Terry Wilkie ("plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner" or "defendant"), denying his claims for disability insurance benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the Report, the Magistrate Judge recommends that the Commissioner's decision be affirmed. (Doc. # 35). The plaintiff filed objections to the Report.[1] (Doc. # 39). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.

---

[1] The plaintiff's motion for an extension until March 5, 2012 to file objections (Doc. # 38) is **GRANTED**. In ruling on this Report, the Court has considered the objections filed on March 5, 2012 (Doc. # 39).

1

> The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 35) and that the plaintiff's objections (Doc. # 39) are **OVERRULED**.[2] For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFIRMED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

March 23, 2012
Florence, South Carolina

---

[2] In his objections, the plaintiff asserts the ALJ did not comply with Social Security Ruling 96-2p in according the opinions and assessments of Dr. LaTourette and Dr. Esce "no weight." Under SSR 96-2p, "[a]djudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Even if not given controlling weight, an opinion must be weighed using the factors outlined in 20 C.F.R. §§ 404.1527 and 416.927. See SSR 96-2p. In discussing Dr. LaTourette and Dr. Esce, the ALJ provides a thorough explanation consistent with 20 C.F.R. §§ 404.1527 and 416.927 of why these physicians' opinions are accorded no weight. See Tr. 73-74; SSR 96-2p. As a result, the Court does not find that the ALJ improperly applies SSR 96-2p. In addition, the ALJ's discussion of these physicians' opinions indicates that the ALJ would not give their opinions controlling weight even if they were accorded some weight.